UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
545 HALSEY LANE PROPERTIES, LLC,

                  Plaintiff,              **DECISION AND ORDER**
                                                14-cv-800 (ADS)(AYS)

           -against-

TOWN OF SOUTHAMPTON; TOWN OF
SOUTHAMPTON PLANNING BOARD;
DENNIS FINNERTY; JOHN BLANEY;
GEORGE SKIDMORE; LARRY TOLER;
JOHN ZUCCARELLI; JACQUELINE
LOFARO; PHILIP A. KEITH; MICHELE
BERKOSKI, in her capacity as a Co-Executor of
the Estate of William A. Berkoski, Jr.;
JENNIFER L. CARUSO, in her capacity as a
Co-Executor of the Estate of William A.
Berkoski, Jr.; ROMAN ROTH; THOMAS
CONKLIN; WARREN TOPPING (a.k.a
JAEGGER TOPPING); ADAM HALSEY; LEE
FOSTER; JOHN L. HALSEY; LAWRENCE
HALSEY; HENRY KRASZEWSKI; JAMES
PIKE; KATHERINE KAZANAS; ANTHONY
PIAZZA; ARTHUR LUDLOW; KENNETH
TILLOTSON; MICHAEL WESNOFSKE;
SUSAN FALKOWSKI PARRY; and JOHN and
JANE DOES Nos. 1-6,

                  Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Neufeld & O'Leary**
*Attorneys for the Plaintiff*
370 Lexington Avenue
Suite 908
New York, NY 10017
       By: David Samuel Julian Neufeld, Esq.
           Denis P. O'Leary, Esq., Of Counsel

**Devitt Spellman Barrett LLP**
*Attorneys for the Defendants*
50 Route 111
Smithtown, NY 11787
    By:  David H. Arnsten, Esq.
           Joshua S. Shteireman, Esq, Of Counsel

**SPATT, District Judge.**

On February 6, 2014, the Plaintiff 545 Halsey Lane Properties, LLC (the "Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against the Defendants Town of Southhampton; Town of Southhampton Planning Board (the "Planning Board"); Dennis Finnerty; John Blaney; George Skidmore; Larry Toler; John Zuccarelli; Jacqueline Lofaro; Philip A. Keith; Michele Berkoski, in her capacity as a Co-Executor of the Estate of William A. Berkoski, Jr.; Jennifer L. Caruso, in her capacity as a Co-Executor of the Estate of William A. Berkowski, Jr., Roman Roth; Thomas Conklin; Warren Topping a/k/a/ Jaegger Topping; Adam Halsey; Lee Foster; John L. Halsey; Lawrence Halsey; Henry Kraszewski; James Pike; Katherine Kazanas; Anthony Piazza; Arthur Ludlow; Kenneth Tillotson; Michael Wesnofske; Susan Falkowski Parry; and John and Jane Does Nos. 1-6 (collectively the "Defendants"). The Plaintiff challenges two decisions by the Planning Board involving conditional approvals of the Plaintiff's applications for a building permit for the construction of a barn and/or barns on its property.

The Plaintiff also commenced two related state court proceedings pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") to challenge the decisions of the Planning Board as affected by errors of law, arbitrary and capricious decisions, abuses of discretion, and not supported by a rational basis.

On April 3, 2014, in this action, the Defendants moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; and, as to the Individual Defendants, on the basis of qualified immunity.

On August 19, 2014, this Court denied the Defendants' motion to dismiss the complaint. 545 Halsey Lane Properties, LLC v. Town of Southampton, 39 F. Supp. 3d 326 (E.D.N.Y. 2014).

On November 6, 2014, the Defendants moved for an order (1) pursuant to Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) and In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 169-70 (2d Cir. 2007) declaring that this Court is divested of jurisdiction to proceed with pre-trial proceedings and discovery pending the disposition of their appeal of the August 19, 2014 Order and (2) pursuant to Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure to stay the proceedings pending disposition of the Defendants' appeal.

On November 20, 2014, the Plaintiff moved for a declaratory judgment certifying the Defendants' appeal as "frivolous."

On December 11, 2014, the Court issued an order reserving decision on both the motion to stay discovery and pre-trial proceedings pending the disposition of the appeal of the August 19, 2014 Order and the motion to certify the appeal as "frivolous." The Court expressed its willingness to entertain a motion for partial reconsideration of that part of the August 19, 2014 order denying the motion to dismiss the complaint as against the Individual Defendants on the basis of qualified immunity, on the condition that the Defendants withdraw their notice of appeal without prejudice within 14 days of the date of that order.

On December 17, 2014, the Defendants withdrew their notice of appeal to the Second Circuit.

On January 16, 2015, relying on this Court's December 11, 2014 order and a subsequently issued December 12, 2014 decision by Justice Daniel Martin of New York State Supreme Court, Suffolk County in the Article 78 proceedings, the Defendants moved pursuant to Fed. R. Civ. P. 60(b)(2), (5), and (6) for reconsideration of the August 19, 2014 order in its entirety and to dismiss the complaint.

Of relevance here, Justice Martin found that, contrary to the Plaintiff's contention, the Planning Board had jurisdiction to subject its applications to site plan review.

However, Justice Martin found that the Planning Board failed to consider certain items under the permitted use of an Agricultural Reserve Area ("ARA") as open, fallow, landscaped, and wooded areas, although he found that the Planning Board's ultimate determinations on these items to be rational, legal, and not arbitrary and capricious on the record as related to the agricultural use of the premises. (Doc No. 62.)  Justice Martin remitted one of the Article 78 matters to the Planning Board for "reconsideration of the questions of fact generally noted herein, and, depending on the findings of fact by the Board, following a further hearing if necessary, whether the enumerated conditions, if any, are appropriate." (Id. at 16).

In support of its January 16, 2015 motion for reconsideration, the Defendants made several arguments, including that Justice Martin's decision remitting one of the Article 78 matters to the Planning Board rendered this case unripe for review and deprived this Court of subject matter jurisdiction.  Alternatively, the Defendants argued that Justice Martin's findings should serve as a basis for a finding here of qualified immunity in favor of the Individual Defendants.

On April 8, 2015, this Court granted in part and denied in part the Defendants' motion for reconsideration of the August 19, 2014 order. 545 Halsey Lane Properties, LLC v. Town of Southampton, No. 14-CV-800 (ADS)(AYS), 2015 WL 1565487, at *1 (E.D.N.Y. Apr. 8, 2015). In particular, the Court rejected the Defendants' ripeness-based arguments. However, the Court granted the motion to the extent it found that the Individual Defendants were entitled to qualified immunity with regard to any claim that the Planning Board or the Agricultural Advisory Committee (the "AAC") unlawfully subjected the Plaintiff to site plan review and dismissed any such claims against the Individual Defendants. The Court otherwise denied the motion, including the Plaintiff's claims challenging the substantive decisions of the Planning Board.

On April 22, 2015, the Defendants moved pursuant to Local Civil Rule 6.1 for reconsideration of the Court's April 8, 2015 order. The Defendants contend that the Court misapprehended their ripeness-based argument. Alternatively, the Defendants contend that the Court went beyond the scope of the qualified immunity analysis framed in the December 11, 2014 decision, which they contend was limited to the question of the Planning Board's jurisdiction.

As an initial matter, the Court notes that this motion for reconsideration is not procedurally improper. The Defendants do not generally repeat their same arguments raised in the previous motion for reconsideration, but, at least as to the ripeness-based argument, contend that the Court misconstrued their legal positions. Further, the Court notes that the substance of the ripeness argument here is different in kind from that advanced in the April 3, 2014 motion to dismiss because it relies on the intervening December 12, 2014 decision of Justice Martin.

Upon review of the parties' papers and for the reasons explained below, the Defendants' motion is granted. Upon reconsideration of the April 8, 2015 order, the Court agrees with the

Defendants that this action is unripe in light of Justice Martin's December 12, 2014 decision, thereby depriving this Court of subject matter jurisdiction. The complaint is dismissed without prejudice with leave to refile at such time as the claims do become ripe or an exception to the ripeness doctrine can be shown. Without subject matter jurisdiction, the Court need not nor can it address the Individual Defendants' defense of qualified immunity.

## I. DISCUSSION

Article III, Section 2 of the United States Constitution restricts federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2; see Vt. Right to Life Comm., Inc. v. Sorrell, 221 F.3d 376, 381 (2d Cir.2000). The ripeness doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808, 123 S. Ct. 2026, 2030, 155 L. Ed. 2d 1017 (2003)(internal quotation marks and citation omitted).

Its purpose is to "ensure that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III" and "prevent[ ] a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir. 2002); 545 Halsey Lane Properties, LLC, 2015 WL 1565487, at *15 (same); 545 Halsey Lane Properties, LLC 39 F. Supp. 3d at 336 (same).

Indeed, "[i]n the area of land use, the doctrine of ripeness is intended to avoid premature adjudication of administrative action." Sunrise Development, Inc. v. Town of Huntington, 62 F. Supp. 2d 762, 770 (E.D.N.Y. 1999). For example, "[i]n order to have a final decision, a development plan must be submitted, considered and rejected by the governmental entity. Even when the plaintiff applies for approval of a subdivision plan and is rejected, a claim is not ripe

until plaintiff also seeks variances that would allow it to develop the property." Goldfine v. Kelly, 80 F. Supp. 2d 153, 159 (S.D.N.Y. 2000)(internal quotation marks and citations omitted).

"The rationale behind the finality requirement is that a court cannot determine whether a Plaintiff has been deprived of property arbitrarily or otherwise, until it has a final definitive position before it on how the administrative agency will apply the regulation at issue to the particular land in question." R-Goshen LLC v. Village of Goshen, 289 F. Supp.2d 441, 448 (S.D.N.Y. 2003), aff'd sub nom R-Goshen LLC v. Andrews, 115 Fed. Appx. 465 (2d Cir. 2004).

In determining whether a claim that challenges a law is ripe for review, the Court must consider whether the issue is fit for adjudication as well as the hardship to the plaintiff that would result from withholding review. Abbott Labs. v. Gardner, 387 U.S. 136, 149, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977); Marchi v. Bd. of Coop. Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir. 1999).

The Supreme Court has established a two-pronged test to determine whether a claim is ripe for takings-type claims. Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985). The first prong requires that the government entity charged with implementing the regulations in question has reached a "final decision." Id. at 186, 105 S. Ct. at 3116; see Honess 52 Corp. v. Town of Fishkill, 1 F. Supp. 2d 294, 300–01 (S.D.N.Y. 1998)(finding that the court "cannot determine whether a plaintiff has been deprived of property, arbitrarily or otherwise, until it has a final decision before it"). The second prong requires the plaintiff to have sought compensation through "reasonable, certain and adequate" state provisions for obtaining compensation.

7

Williamson Cnty., 473 U.S. at 194, 105 S. Ct. at 3120 (citation and internal quotation marks omitted).

Although the ripeness test in Williamson County involved a takings claim, the ripeness requirement of Williamson County has also been extended by the Second Circuit to Equal Protection and Due Process claims asserted in the context of land use challenges. See Dougherty, 282 F.3d at 88–89 ("The ripeness requirement of Williamson, although announced in a takings context, has been extended to equal protection and due process claims asserted in the context of land use challenges."); Southview Assocs. Ltd. v. Bongartz, 980 F.2d 84, 96–97 (2d Cir. 1992) (applying the ripeness test to Substantive Due Process claims); Country View Estates @ Ridge LLC v. Town of Brookhaven, 452 F. Supp. 2d 142, 148–50 (E.D.N.Y. 2006)(applying the ripeness test to Equal Protection and Due Process claims).

In Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 348–49 (2d Cir. 2005), the Second Circuit explained the considerations underlying prong-one ripeness — namely, the "final decision" requirement:

> Four considerations, all of which motivate our decision today, undergird prong-one ripeness. First . . . the Williamson County Court reasoned that requiring a claimant to obtain a final decision from a local land use authority aids in the development of a full record. Second, and relatedly, only if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel. Third, a variance might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes. Thus, requiring a meaningful variance application as a prerequisite to federal litigation enforces the long-standing principle that disputes should be decided on non-constitutional grounds whenever possible. Finally, since Williamson County, courts have recognized that federalism principles also buttress the finality requirement. Requiring a property owner to obtain a final, definitive position from zoning authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution.

402 F.3d at 348–49 (citations omitted). As the Second Circuit has noted, "[t]he Williamson County ripeness test is a fact-sensitive inquiry that may, when circumstances warrant, be applicable to various types of land use challenges." Id. at 350.

Here, in the August 19, 2014 order, in rejecting the Defendants' ripeness argument, the Court found that the Resolutions issued by the Planning Board, which are not appealable to the Town's Zoning Board of Appeals, constituted "final, definitive position[s] as to how it could use [its] property" that were sufficient to establish the ripeness of its Equal Protection claim. 39 F. Supp. at 338 (internal citations omitted). Further, the Court found that "[c]ontrary to the Defendants' contention, the Plaintiff [was] not required to bring an Article 78 proceeding in order for the instant action to be deemed ripe" and, therefore, "[t]he fact that it elected to do so does not render its otherwise ripe claims to be unripe." Id.

In the April 8, 2015 order, the Court rejected the Defendants' newly made argument that this action is now unripe in light of Justice Martin's December 12, 2014 decision remitting one of the Article 78 proceedings to the Planning Board for factual determinations. The Court reasoned, in part, as follows: "Having held that the Article 78 proceedings do not render the present action [un]ripe, it follows that the specter of additional Article 78 proceedings does not render an otherwise ripe claim unripe." 2015 WL 1565487, at *15.

Upon reconsideration, the Court agrees with the Defendants' argument that it misapprehended the substance of the Defendants' ripeness-based argument. As the Defendants note, it is not future Article 78 proceedings that call this Court's subject matter jurisdiction over this action into question. Rather, it is the future proceedings before the Planning Board, the administrative agency with authority to resolve the Plaintiff's site plan applications, that does so.

As noted above, Justice Martin remitted one of the article 78 proceedings to the Planning Board and found as follows:

> [T]he Planning Board has failed to consider [certain] items under the petitioner's permitted use of the ARA as open, fallow, landscaped, and wooded areas. Absent findings by the Planning Board, the Court is unable to determine, for example, whether the baseball field, playground equipment, and art sculptures are permitted within the area which is currently neither residential or agricultural, whether a structure allowing for the storage of the lawn equipment in said area is or is not permitted, and whether the privet hedge is permitted as landscaping or not within the intent of the subject scenic-and-conservation easement. That is, what is the impact, if any, of the petitioner's permitted use of the premises as open, fallow, landscaped, and wooded areas, and the related "compatible recreational uses," on the subject application.

(Doc No. 62, at 16.)

In the Court's view, this remand from the Article 78 court to the Planning Board, a local administrative agency, renders the challenged decisions of that Board not final at this time.

Indeed, in opposing the present motion for reconsideration, the Plaintiff does not dispute that the Planning Board's decisions are now not final. Rather, the Plaintiff argues that any further efforts for approval from the Planning Board would be futile.

In this regard, the Court notes that "[t]he finality requirement is not mechanically applied,' and '[a] property owner . . . will be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile.'" Norwood v. Salvatore, No. 3:12-CV-1025 (MAD)(DEP), 2015 WL 631960, at *5 (N.D.N.Y. Feb. 13, 2015)(citation omitted). "In a land use context, the so-called 'futility exception' is said to apply when the relevant 'agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied.'" Safe Harbor Retreat, LLC v. Town of E. Hampton, N.Y., No. CV 14-2017 (LDW) (GRB), 2015 WL 918771, at *5 (E.D.N.Y. Mar. 2, 2015)(citation omitted).

10

Although the "precise contours" of the futility exception are not well-defined, "courts in [the Second] Circuit have recognized that 'mere allegations of open hostility [are] not sufficient to invoke the futility exception.'" Homefront Org., Inc. v. Motz, 570 F. Supp. 2d 398, 408 (E.D.N.Y. 2008)(quoting Goldfine, 80 F. Supp. 2d at 161).

The Second Circuit has characterized the exception as "narrow" in scope. Nenninger v. Vill. of Port Jefferson, 509 F. App'x 36, 38 (2d Cir. 2013). Other circuits have also adopted a narrow interpretation of the exception. The First Circuit has stated that "a sort of inevitability is required; the prospect of refusal must be certain." Goldfine, 80 F. Supp. 2d at 159 (quoting Gilbert v. City of Cambridge, 932 F.2d 51, 61 (1st Cir. 1991)). The Ninth Circuit has held that "mere allegations by a property owner that it has done everything possible to obtain acceptance of a development proposal will not suffice to prove futility." Id. (quoting Herrington v. County of Sonoma, 857 F.2d 567, 570 (9th Cir. 1988)).

A plaintiff can successfully invoke the futility exception where it filed at least one "meaningful application." See id. (quoting Gilbert, 932 F.2d at 61 and Kinzli v. City of Santa Cruz, 818 F.2d 1449, 1454-55 (9th Cir. 1987)). Other factors considered by courts in applying the exception are the defendant's hostility, delay and obstruction. See id. at 160. However, since in Williamson the claim was not found ripe despite an eight-year application process, "an excessive delay would have to be considerable." Id. at 61 (quoting Kinzli, 818 F.2d at 1454 n. 5).

In this case, the Court addresses for the first time the application of the futility exception to the factual allegations in this case. The Court concludes that the Plaintiff has not satisfied the requiring showing for application of this exception to the ripeness doctrine.

First, while the Southampton Town Attorney has taken a certain position as to permissible nonagricultural uses of the underlying easement, there has been no commentary by the Planning Board itself indicating that this an entrenched position of any kind. To the contrary, by the Plaintiff's own account, the Planning Board has at times worked in a collaborative manner with the Plaintiff to come to mutually agreeable solutions of these matters, not rejecting the land use applications outright but placing conditions on their approval and offering suggestions to the Plaintiff to account for concerns of the Board and the AAC. (See Doc No. 34, at 5-11.); cf. West 95 Hous. Corp. v. N.Y. City Dep't of Hous. Pres. & Dev., No. 01 CIV 1345 (SHS), 2001 WL 664628, at *5 (S.D.N.Y. June 12, 2001)(finding the plaintiff's claims against the defendant ripe for review when the defendant stated in writing that it had no intention of issuing "Letter of No Objection" sought by the plaintiff, and the defendant did not identify any available administrate procedures to appeal that decision).

In any event, the Court notes that the Southampton Town Attorney's position with regard to permissible nonagricultural uses of the underlying easement is a legal argument, not a statement of fact. For this reason, they are not binding on the Defendants themselves. New York State Nat. Org. for Women v. Terry, 159 F.3d 86, 97 n. 7 (2d Cir. 1998)(noting that "argument relie[d] on a misunderstanding of the nature of judicial admissions, which are statements of fact rather than legal arguments made to a court."); Chao v. Int'l Bhd. of Indus. Workers Health & Welfare Fund, No. 98-CV-2041 (JS)(ARL), 2015 WL 1508822, at *15 (E.D.N.Y. Mar. 31, 2015)(same).

Second, contrary to the Plaintiff's contention, the enactment of Town Code § 330-51 fourteen years after the Grant was not "tantamount to a final denial" of its land use applications. (Doc No. 66, at 12-13.).

Relevant here, § 330-51 (A) of the Southampton Town Code provides:

Acquisition of development rights or easements via subdivision or site plan procedure.

No structures of any kind whatsoever shall be permitted to be erected or maintained on lands which have been preserved for agricultural purposes as a condition of subdivision or site plan approval by grant of easement, covenant, deed of development rights, lease or other property interest granted to the Town, *except* those structures that may be permitted by the Farmland Permit Administrator, Agricultural Advisory Committee and/or Planning Board pursuant to the same procedural requirements as set forth in §330-50(D)(2).

(emphasis added).

Thus, Section 330-51 vests discretion in the Planning Board and the AAC over the Plaintiff's right to maintain nonagricultural items and structures on its property. Indeed, the Planning Board, before whom Justice Martin remanded one of the Article 78 proceedings, has yet to address the applicability of Section 330-51 to the Plaintiff's land use applications.

Finally, the Plaintiff cannot find refuge in the futility exception on the basis that the Defendants have unduly delayed its land use applications. As noted above, in Williamson, the land use claim was found unripe despite an eight-year application process. Thus, for purposes of showing futility, the delay by a local administrative agency "would have to be considerable." Gilbert, 932 F.2d at 61; compare Anderson v. Alpine City, 804 F. Supp. 269, 273 (D. Utah 1992)("[T]he Plaintiffs have encountered minimal delays compared with the Williamson plaintiffs whose claim was held unripe despite eight years of waiting for a final decision. Consequently, the court dismisses the claims concerning the unapproved plats on grounds that the claims are not ripe.")(internal citation omitted).

Here, the various application processes spanned less than the amount of time in Williams, namely, about 6 years, from 2006 through 2012. Further, by the Plaintiff's own version of events, much of this passage of time included collaboration between the Planning Board and the Plaintiff to reach mutually satisfactory resolution of the underlying land use challenges. To

13

countenance some of this delay as weighing in favor of a finding of "futility" would be to discourage local administrative agencies from working in a collaborative way with landowners.

It is true, as noted above, that the Planning Board's determinations are now "unfinal" and one of the Article 78 proceedings was remanded back to the Board. However, it is unclear how long consideration of the discrete, factual issues on remand will take.

Further, with regard to the issue of delay, the Court notes that after the Planning Board issued its last resolution dated September 27, 2012 denying one of the Plaintiff's land use applications, the Plaintiff did not commence the instant federal action pursuant to 42 U.S.C. § 1983 until February 2014. The fact that the Plaintiff previously commenced a state court proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") to challenge a February 2011 decision of the Planning Board is legally irrelevant to evaluating the futility exception to the ripeness doctrine for purposes of federal subject matter jurisdiction.

For these reasons, the Court finds that the Plaintiff has not made the required showing of futility as an exception to the Article III and prudential considerations surrounding the ripeness doctrine.

Having made this determination, the Court finds that, at this time, it lacks subject matter jurisdiction over the Plaintiff's claims. "Absent such jurisdiction, the Court is barred from proceeding in this matter and must dismiss." Gonzalez v. Ocwen Home Loan Servicing, No. 3:14-CV-53 (CSH), 2015 WL 2124365, at *3 (D. Conn. May 6, 2015); see Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Manway Constr. Co. v. Housing Auth. of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)("It is common ground that in our federal system of limited jurisdiction

any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, *dismissal is mandatory*.") (emphasis added).

Indeed, although not requested by the Plaintiff as an alternative remedy, the Court notes that it cannot stay this matter or hold it in abeyance pending the final determinations of the Planning Board. See Country View Estates @ Ridge LLC v. Town of Brookhaven, 452 F. Supp. 2d 142, 158 (E.D.N.Y. 2006)(declining to accept that part of Report and Recommendation that, notwithstanding the absence of subject matter jurisdiction, the case be held in abeyance pending the final adjudication of proceedings in the state court).

However, even if the Court had discretion to issue such a stay and consider the equitable concerns of the Plaintiff, the Court notes that this federal action is not at a particularly advanced stage, having been commenced in February 2014. Also, it is noted that no discovery order has been entered, nor is there any indication from the parties that they have engaged in discovery of any kind. Rather, based on a review of the docket, the litigation has been limited to the various motions to dismiss.

## II.     CONCLUSION

Based on the foregoing reasons, the Defendants' April 22, 2015 motion for reconsideration of the Court's April 8, 2015 is granted. The Court finds that, at this time, the Plaintiff's claims are not ripe for review. The complaint is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) without prejudice and with leave to replead at such time as the claims do become ripe or an exception to the ripeness doctrine can be shown. The Clerk of the Court is respectfully directed to enter judgment consistent with this order and to close the case.

**SO ORDERED.**
Dated: Central Islip, New York
May 8, 2015

                                                             _Arthur D. Spatt_
                                                    ARTHUR D. SPATT
                                                 United States District Judge