FILED
CLERK
6/19/2015 12:02 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
545 HALSEY LANE PROPERTIES, LLC,

                Plaintiff,

      -against-

TOWN OF SOUTHAMPTON; TOWN OF SOUTHAMPTON PLANNING BOARD; DENNIS FINNERTY; JOHN BLANEY; GEORGE SKIDMORE; LARRY TOLER; JOHN ZUCCARELLI; JACQUELINE LOFARO; PHILIP A. KEITH; MICHELE BERKOSKI, in her capacity as a Co-Executor of the Estate of William A. Berkoski, Jr.; JENNIFER L. CARUSO, in her capacity as a Co-Executor of the Estate of William A. Berkoski, Jr.; ROMAN ROTH; THOMAS CONKLIN; WARREN TOPPING (a.k.a JAEGGER TOPPING); ADAM HALSEY; LEE FOSTER; JOHN L. HALSEY; LAWRENCE HALSEY; HENRY KRASZEWSKI; JAMES PIKE; KATHERINE KAZANAS; ANTHONY PIAZZA; ARTHUR LUDLOW; KENNETH TILLOTSON; MICHAEL WESNOFSKE; SUSAN FALKOWSKI PARRY; and JOHN and JANE DOES Nos. 1-6,

                Defendants.
--------------------------------------------------------X

**DECISION AND ORDER**
14-cv-800 (ADS)(AYS)

**APPEARANCES:**

**Neufeld & O'Leary**
*Attorneys for the Plaintiff*
370 Lexington Avenue
Suite 908
New York, NY 10017
      By: David Samuel Julian Neufeld, Esq.
           Denis P. O'Leary, Esq., Of Counsel

**Devitt Spellman Barrett LLP**
*Attorneys for the Defendants*
50 Route 111
Smithtown, NY 11787
  By: David H. Arnsten, Esq.
     Joshua S. Shteireman, Esq, Of Counsel


**SPATT, District Judge.**

  Familiarity with the procedural history, including the multiple orders of the Court, is presumed.

  By way of background, the Plaintiffs raises claims under 42 U.S.C. § 1983 arising out of two decisions by the Defendant Town of Southampton Planning Board involving conditional approvals of the Plaintiff's applications for a building permit for the construction of a barn and/or barns on its property. The Plaintiff also commenced two related state court proceedings pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") to challenge the decisions of the Planning Board as affected by errors of law, as arbitrary and capricious, as an abuse of discretion, and as not supported by a rational basis.

  On April 8, 2015, this Court granted in part and denied in part the Defendants' motion for reconsideration of the Court's August 19, 2014 denying the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted, and, as to the Individual Defendants, on the basis of qualified immunity. 545 Halsey Lane Properties, LLC v. Town of Southampton, No. 14-CV-800 (ADS)(AYS), 2015 WL 1565487 (E.D.N.Y. Apr. 8, 2015).

  In particular, the Court rejected the Defendants' ripeness-based arguments. However, the Court granted the motion to the extent it found that the Individual Defendants were entitled to qualified immunity with regard to any claim that the Planning Board or the Agricultural

Advisory Committee (the "AAC") unlawfully subjected the Plaintiff to site plan review and dismissed any such claims against the Individual Defendants. The Court otherwise denied the motion, including denying the motion to dismiss the Plaintiff's claims challenging the substantive decisions of the Planning Board.

On April 22, 2015, the Defendants moved pursuant to Local Civil Rule 6.1 for reconsideration of the Court's April 8, 2015 order. Of relevance here, the Defendants contended that the Court misapprehended their ripeness-based argument.

By order dated May 8, 2015, the Court granted the Defendants' motion for reconsideration on the basis that this action is unripe for review in light of Justice Martin's December 12, 2014 decision in the State Court Article 78 action. Accordingly, the Court held that it lacked subject matter jurisdiction over this matter. The complaint was dismissed without prejudice with leave to refile at such time as the claims did become ripe or an exception to the ripeness doctrine could be shown.

On May 15, 2015, the Plaintiff moved pursuant to Local Civil Rule 6.3 for reconsideration of the May 8, 2015 order. The Plaintiff contends in part that, in declining to find that further proceedings before the Planning Board were not futile, the Court misapprehended the permitting restrictions of Sections 330-51 and 330-50(d)(2) of the Southampton Town Code.

Also, on May 15, 2015, the Clerk of the Court entered judgment in favor of the Defendants based on the May 8, 2015 order.

For the reasons set forth below, the Plaintiff's May 15, 2015 motion for reconsideration is denied.

As previously noted by this Court with regard to the futility exception to the ripeness doctrine, "[t]he finality requirement is not mechanically applied,' and '[a] property owner . . . will be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile.'" Norwood v. Salvatore, No. 3:12-CV-1025 (MAD)(DEP), 2015 WL 631960, at *5 (N.D.N.Y. Feb. 13, 2015)(citation omitted). "In a land use context, the so-called 'futility exception' is said to apply when the relevant 'agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied.'" Safe Harbor Retreat, LLC v. Town of E. Hampton, N.Y., No. CV 14-2017 (LDW) (GRB), 2015 WL 918771, at *5 (E.D.N.Y. Mar. 2, 2015)(citation omitted).

Although the "precise contours" of the futility exception are not well-defined, "courts in [the Second] Circuit have recognized that 'mere allegations of open hostility [are] not sufficient to invoke the futility exception.'" Homefront Org., Inc. v. Motz, 570 F. Supp. 2d 398, 408 (E.D.N.Y. 2008)(quoting Goldfine v. Kelly, 80 F. Supp. 2d 153, 161 (S.D.N.Y. 2000)).

The Second Circuit has characterized the exception as "narrow" in scope. Nenninger v. Vill. of Port Jefferson, 509 F. App'x 36, 38 (2d Cir. 2013) and a "high standard [to] meet." Sherman v. Town of Chester, 752 F.3d 554, 563 (2d Cir. 2014).

Other circuits have also adopted a narrow interpretation of the exception. The First Circuit has stated that "a sort of inevitability is required; the prospect of refusal must be certain." Goldfine, 80 F. Supp. 2d at 159 (quoting Gilbert v. City of Cambridge, 932 F.2d 51, 61 (1st Cir. 1991)). The Ninth Circuit has held that "mere allegations by a property owner that it has done everything possible to obtain acceptance of a development proposal will not suffice to prove futility." Id. (quoting Herrington v. County of Sonoma, 857 F.2d 567, 570 (9th Cir. 1988)).

At this point, a review of the relevant provisions of the Town Code is in order. Section 330-51(A) of the Town Code provides:

> Acquisition of development rights or easements via subdivision or site plan procedure. No structures of any kind whatsoever shall be permitted to be erected or maintained on lands which have been preserved for agricultural purposes as a condition of subdivision or site plan approval by grant of easement, covenant, deed of development rights, lease or other property interest granted to the Town, *except* those structures that *may be* permitted by the Farmland Permit Administrator, Agricultural Advisory Committee and/or Planning Board *pursuant to the same procedural requirements as set forth in § 330-50 (D)(2)*.

(emphasis added).

Section 330-50(D)(2) states as follows:

> (2) Construction permit. The Planning Board shall be empowered to issue a permit for the construction of buildings and other structures customarily accessory and incidental to agricultural production as the same is or shall hereafter be defined in § 301 of the New York State Agriculture and Markets Law, in accordance with the following procedure:
>
> (a) An application for a construction permit shall be filed with the Planning Board and shall be processed in accordance with the same procedural and submission requirements for site plan review pursuant to §§ 330-183 through 330-184 of this chapter. Where applicable, the Planning Board shall combine an application for a construction permit with an application for special exception permission pursuant to Article XVII of this chapter.
>
> (b) In addition to all other required site plan referrals, the Planning Board shall refer an application for a farm permit to the Agricultural Advisory Committee for its report and recommendations.

Upon closer review, the Court agrees with the Plaintiff to the extent that any consideration of its land use applications by the Planning Board under Section 330-51(a) would be futile. In this regard, the Court agrees that it misapprehended the limited authority of the Planning Board, which was added to the Town Code in 1994, fourteen years after the issuance of the underlying grant by the Town to the Plaintiff's predecessor.

5

As the Planning Board has stated in the State Court litigation, "[i]t defies common sense that a baseball diamond, jungle gym or art sculpture could be deemed accessory to agriculture. The Planning Board lacks the authority to approve these structures in this instance." (Planning Board State Court Mem of Law, at 38.). The fact that this statement is a legal argument rather than an admission of fact and made by the Town Attorney rather than the Planning Board itself does not alter the Court's reconsidered interpretation of the relevant code provisions.

Further, the fact that Section 330-51(A) specifically references only the procedural requirements of 330-50(D)(2) rather than its substantive restrictions on permits does not alter the Court's conclusion upon reconsideration. This is because Section 330-51(A) refers to structures that "may be" permitted by the Planning Board. Considered in conjunction with Section 330-50(D)(2), the "may be" language in 330-51(A) language could be reasonably construed to incorporate the substantive restrictions on permits set forth in Section 330-50(D)(2).

The Court places little weight on the Defendants' statement in their May 22, 2015 memorandum of law that "the Planning Board has discretion under [Section 330-51(a)] over the plaintiff's right to maintain nonagricultural items and structures on its property." (Doc No. 71, at 4.) In the Court's view, this statement contradicts the prior statements of the Defendants in this and the State Court litigation and thus appears to have been made solely to counter the Plaintiff's futility arguments rather than to reflect its considered interpretation of the underlying provisions.

Further, the Court acknowledges that, contrary to language it used in the May 8, 2015 order, the Plaintiff's negotiations with the Planning Board may not have been "collaborative," at least from the Plaintiff's perspective.

However, while the Plaintiff has shown futility with regard to consideration of its land use applications under Section 330-51(a), the Court finds that it has not shown futility with

6

regard to consideration of those land use applications under the permitted use under the Grant of the Agricultural Reserve Area ("ARA") as open, fallow, landscaped, and wooded areas.

Indeed, as previously noted by this Court, in the December 12, 2014 State Court decision, Justice Martin found that the Planning Board failed to consider "whether the baseball field, playground equipment, and Art Sculptures are permitted within the area which is currently neither residential or agricultural, whether a structure allowing for the storage of the lawn equipment in said area is or is not permitted, and whether the privet hedge is permitted as landscaping or not within the intent of the subject scenic-and-conservation easement. That is, what is the impact, if any, of the petitioner's permitted use of the premises as open, fallow, landscaped, and wooded areas, and the related 'compatible recreational uses,' on the subject application." (Doc No. 62, at 16.)

Of relevance here, the underlying Grant provides as follows:

I. The use and development of the Agricultural Reserve Area will forever be restricted to some or all of the following: (I) farming operations and activities, including . . . farm buildings, . . . all as designed and intended to promote and enhance agricultural production, encompassing the production for commercial purposes of field crops . . . , fruits (including, without limitation, apples, peaches, grapes, cherries and berries), vegetables . . . (ii) *open, fallow, landscaped and wooded areas, with lanes, walkways, foot path, and ponds or brooks*; (iii*) recreational areas, for compatible recreational uses*; and (iv) one single family dwelling and customary accessory uses and structures incidental thereto.

(Id. at 2.)(quoting the Grant)(emphasis added).

Consistent with Justice Martin's remittitur to the Planning Board, the Court finds that it is not entirely clear that the Plaintiff's land use applications are not a permissible use of the ARA. Further, as stated by Justice Martin, the Planning Board failed to consider this possibility. Finally, the Court notes that it appears that neither the Town Attorney nor the Planning Board

7

has made any pronouncements on this possibility, separate and apart from their litigation positions with regard to Section 330-50(D)(2).

The Court further finds that unlike in, Sherman v. Town of Chester, 752 F.3d 554 (2d Cir. 2014), there is no indication that the Defendants have used "repetitive and unfair procedures" or "engaged in a war of attrition" against the Plaintiff to avoid issuing a final decision. Nor, as the Court previously found, can the Plaintiff find refuge in the futility exception on the basis that the Defendants have unduly delayed its land use applications.

In any event, "every delay in zoning approval does not ripen into a federal claim." Id. at 563. In this regard, the Court is "mindful that federal courts should not become zoning boards of appeal . . . ." Id. (quoting Sullivan v. Town of Salem, 805 F.2d 81, 82 (2d Cir. 1986)).

In sum, the Plaintiff's May 15, 2015 motion for reconsideration of the May 8, 2015 order dismissing the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) without prejudice is denied. As noted above, upon reconsideration, while the Court agrees that the Plaintiff has shown futility with regard to consideration of its land use applications under the terms of Section 330-51(a), the Court finds that it has not shown futility with regard to consideration by the Planning Board of those land use applications under the permitted use under the Grant of an Agricultural Reserve Area ("ARA") as open, fallow, landscaped, and wooded areas. Absent new factual developments, such as certain actions taken by or statements made by the Defendants related to the underlying land use applications after the date of this order, the Court will not entertain further motions for reconsideration on the issue of futility. The case remains closed.

**ORDERED.**

Dated: Central Islip, New York
June 19, 2015

               ___*Arthur D. Spatt*_____
               ARTHUR D. SPATT
               United States District Judge